```
                            United States Bankruptcy Court
                            Middle District of Pennsylvania
In re:                                                            Case No. 18-03278-HWV
Christopher C. Colton                                             Chapter 13
Patty J. Colton
         Debtors                        CERTIFICATE OF NOTICE
District/off: 0314-1          User: CGambini              Page 1 of 2               Date Rcvd: Oct 22, 2018
                              Form ID: pdf002             Total Noticed: 55


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 24, 2018.
db/jdb         +Christopher C. Colton,    Patty J. Colton,    233 Troy Road,    Dallastown, PA 17313-9626
5092835        +BANK OF AMERICA,    4909 SAVARESE CIRCLE,    FL1-908-01-50,    TAMPA, FL 33634-2413
5092836        +BARCLAYS BANK DELAWARE,    ATTN: CORRESPONDENCE,    PO BOX 8801,    WILMINGTON, DE 19899-8801
5092830        +CHRISTOPHER C. COLTON,    PATTY J. COLTON,    233 TROY ROAD,    DALLASTOWN, PA 17313-9626
5092838        +CITIBANK/RADIOSHACK,    CENTRALIZED BANKRUPTCY,    PO BOX 790034,    ST LOUIS, MO 63179-0034
5092839        +CITICARDS,   CITICORP CREDIT SERVICES/ATTN: CENTRALIZ,    PO BOX 790040,
                 SAINT LOUIS, MO 63179-0040
5092840        +CITIMORTGAGE,    ATTN: CENTRALIZED BANKRUPTCY,    PO BOX 9438,    GETTSBURG, MD 20898-9438
5092841        +CITIZENS BANK,    ATTENTION: ROP-15B,    1 CITIZENS DRIVE,    RIVERSIDE, RI 02915-3035
5092849        +DITECH FINANCIAL,    1100 VIRGINIA DRIVE,    SUITE 100A,    FORT WASHINGTON, PA 19034-3276
5092850       ++++DITECH FINANCIAL LLC,    332 MINNESOTA ST STE E610,    SAINT PAUL MN 55101-1311
                 (address filed with court: DITECH FINANCIAL LLC,     332 MINNESOTA STREET,    SUITE 610,
                 SAINT PAUL, MN 55101)
5092851        +DITECH FINANCIAL,LLC,    3000 BAYPORT DRIVE,    SUITE 880,    TAMPA, FL 33607-8409
5092831        +E. HALEY ROHRBAUGH,    CGA LAW FIRM,    135 NORTH GEORGE STREET,    YORK, PA 17401-1132
5092852        +EVERHOME MORTGAGE CO/EVER BANK,    ATTN: BANKRUPTCY DEPARTMENT,    301 WEST BAY STREET,
                 JACKSONVILLE, FL 32202-5184
5092856        +LINCOLN AUTOMOTIVE FINANCIAL SERVICE,    ATTN: BANKRUPTCY,    PO BOX 542000,
                 OMAHA, NE 68154-8000
5092833        +PA DEPARTMENT OF REVENUE,    PO BOX 281061,    HARRISBURG, PA 17128-1061
5092858        +PHELAN HALLINAN DIAMOND & JONES,LLP,    1617 JFK BLVD. SUITE 1400,    PHILADELPHIA, PA 19103-1814
5092860        +RELIANCE CONS DISC CO,    211 KENNEDY COURT,    HANOVER, PA 17331-5205
5092832        +SECRETARY OF TREASURY,    15TH & PENN AVENUE NW,    WASHINGTON, DC 20220-0001
5117494        +SST as servicing agent for BEST EGG,    4315 Pickett Road, Bankruptcy Department,
                 St. Joseph, Missouri 64503-1600
5092871       ++TOYOTA MOTOR CREDIT CORPORATION,    PO BOX 8026,    CEDAR RAPIDS IA 52408-8026
                 (address filed with court: TOYOTA FINANCIAL SERVICES,     ATTN: BANKRUPTCY,    PO BOX 8026,
                 CEDAR RAPIDS, IA 52409)
5092872        +WELLS FARGO DEALER SERVICES,    ATTN: BANKRUPTCY,    PO BOX 19657,    IRVINE, CA 92623-9657
5118109         Wells Fargo Bank N.A., d/b/a Wells Fargo Auto,     PO Box 19657,    Irvine CA 92623-9657

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
5092837        +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Oct 22 2018 19:25:37      CAPITAL ONE,
                 ATTN: BANKRUPTCY,    PO BOX 30285,    SALT LAKE CITY, UT 84130-0285
5092842        +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Oct 22 2018 19:17:38      COMENITY BKL/ULTA,
                 ATTN: BANKRUPTCY DEPT,    PO BOX 182125,    COLUMBUS, OH 43218-2125
5092843        +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Oct 22 2018 19:17:38      COMENITYBANK/NEW YORK,
                 ATTN: BANKRUPTCY DEPT,    PO BOX 182125,    COLUMBUS, OH 43218-2125
5092844        +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Oct 22 2018 19:17:38      COMENITYCAPITAL/BOSCOV,
                 ATTN: BANKRUPTCY DEPT,    PO BOX 182125,    COLUMBUS, OH 43218-2125
5092845        +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Oct 22 2018 19:17:38      COMENITYCAPITAL/GMSTOP,
                 ATTN: BANKRUPTCY DEPT,    PO BOX 183003,    COLUMBUS, OH 43218-3003
5092846        +E-mail/PDF: creditonebknotifications@resurgent.com Oct 22 2018 19:25:41      CREDIT ONE BANK,
                 ATTN: BANKRUPTCY,    PO BOX 98873,    LAS VEGAS, NV 89193-8873
5110941         E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Oct 22 2018 19:25:51
                 Capital One Bank (USA), N.A.,    PO Box 71083,    Charlotte, NC 28272-1083
5092847        +E-mail/Text: mrdiscen@discover.com Oct 22 2018 19:17:25      DISCOVER FINANCIAL,    PO BOX 3025,
                 NEW ALBANY, OH 43054-3025
5092848        +E-mail/Text: bankruptcy.bnc@ditech.com Oct 22 2018 19:17:36      DITECH,    ATTN: BANKRUPTCY,
                 PO BOX 6172,    RAPID CITY, SD 57709-6172
5094361         E-mail/Text: mrdiscen@discover.com Oct 22 2018 19:17:25      Discover Bank,
                 Discover Products Inc,    PO Box 3025,    New Albany, OH 43054-3025
5119009         E-mail/Text: bankruptcy.bnc@ditech.com Oct 22 2018 19:17:36      Ditech Financial LLC,
                 PO Box 6154,    Rapid City, 57709-6154
5092853        +E-mail/Text: bankruptcygpl@greatplainslending.com Oct 22 2018 19:18:05      GREAT PLAINS LENDING,
                 ATTN: BANKRUPTCY,    1050 EAST 2ND STREET, BOX 500,    EDMOND, OK 73034-5313
5092834         E-mail/Text: cio.bncmail@irs.gov Oct 22 2018 19:17:29      INTERNAL REVENUE SERVICE,
                 CENTRALIZED INSOLVENCY OPERATION,    P.O. BOX 7346,    PHILADELPHIA, PA 19101-7346
5092854        +E-mail/Text: bnckohlsnotices@becket-lee.com Oct 22 2018 19:17:26      KOHLS/CAPITAL ONE,
                 KOHLS CREDIT,    PO BOX 3120,    MILWAUKEE, WI 53201-3120
5092855        +E-mail/Text: bklcard@lendup.com Oct 22 2018 19:18:13      LENDUP CARD SERVICES I,
                 ATTN: BANKRUPTCY, LENDUP,    237 KEARNY ST #197,    SAN FRANCISCO, CA 94108-4502
5112194         E-mail/PDF: resurgentbknotifications@resurgent.com Oct 22 2018 19:26:11
                 LVNV Funding, LLC its successors and assigns as,    assignee of MHC Receivables, LLC and,
                 FNBM, LLC,    Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
5092857        +Fax: 407-737-5634 Oct 22 2018 19:55:06      OCWEN LOAN SERVICING, LLC,    1661 WORTHINGTON ROAD,
                 SUITE 100,    WEST PALM BEACH, FL 33409-6493
5093177        +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Oct 22 2018 19:25:54
                 PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5095328         E-mail/Text: RVSVCBICNOTICE1@state.pa.us Oct 22 2018 19:17:44
                 Pennsylvania Department of Revenue,    Bankruptcy Division PO Box 280946,
                 Harrisburg, PA 17128-0946
```

```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center
(continued)
5116330         E-mail/Text: bnc-quantum@quantum3group.com Oct 22 2018 19:17:41
                Quantum3 Group LLC as agent for,   Comenity Capital Bank,    PO Box 788,
                Kirkland, WA  98083-0788
5092859        +E-mail/PDF: RACBANKRUPTCY@BBANDT.COM Oct 22 2018 19:25:55      REGIONAL ACCEPTANCE CO,
                ATTN: BANKRUPTCY,    PO BOX 1487,    WILSON, NC 27894-1487
5092861        +E-mail/PDF: gecsedi@recoverycorp.com Oct 22 2018 19:25:50      SYNCB BANK/AMERICAN EAGLE,
                ATTN: BANKRUPTCY,    PO BOX 965060,    ORLANDO, FL 32896-5060
5092862        +E-mail/PDF: gecsedi@recoverycorp.com Oct 22 2018 19:25:50      SYNCB/PLCC,    ATTN: BANKRUPTCY,
                PO BOX 965060,    ORLANDO, FL 32896-5060
5119003        +E-mail/Text: bncmail@w-legal.com Oct 22 2018 19:17:56      SYNCHRONY BANK,
                c/o Weinstein & Riley, PS,    2001 Western Ave., Ste 400,    Seattle, WA 98121-3132
5092863        +E-mail/PDF: gecsedi@recoverycorp.com Oct 22 2018 19:25:50      SYNCHRONY BANK/ OLD NAVY,
                ATTN:  BANKRUPTCY DEPT,    PO BOX 965060,    ORLANDO, FL 32896-5060
5092864        +E-mail/PDF: gecsedi@recoverycorp.com Oct 22 2018 19:25:35      SYNCHRONY BANK/AMAZON,
                ATTN:  BANKRUPTCY DEPT,    PO BOX 965060,    ORLANDO, FL 32896-5060
5092865        +E-mail/PDF: gecsedi@recoverycorp.com Oct 22 2018 19:25:35      SYNCHRONY BANK/GAP,
                ATTN:  BANKRUPTCY DEPT,    PO BOX 965060,    ORLANDO, FL 32896-5060
5092866        +E-mail/PDF: gecsedi@recoverycorp.com Oct 22 2018 19:26:04      SYNCHRONY BANK/LOWES,
                ATTN:  BANKRUPTCY DEPT,    PO BOX 965060,    ORLANDO, FL 32896-5060
5092867        +E-mail/PDF: gecsedi@recoverycorp.com Oct 22 2018 19:25:35      SYNCHRONY BANK/SAMS,
                ATTN: BANKRUPTCY,    PO BOX 965060,    ORLANDO, FL 32896-5060
5092868        +E-mail/PDF: gecsedi@recoverycorp.com Oct 22 2018 19:25:36      SYNCHRONY BANK/SHOPNBC,
                ATTN:  BANKRUPTCY DEPT,    PO BOX 965060,    ORLANDO, FL 32896-5060
5092869        +E-mail/PDF: gecsedi@recoverycorp.com Oct 22 2018 19:26:05      SYNCHRONY BANK/WALMART,
                ATTN:  BANKRUPTCY DEPT,    PO BOX 965060,    ORLANDO, FL 32896-5060
5092870        +Fax: 866-311-5818 Oct 22 2018 19:35:01      SYSTEMS & SERVICES TECHNOLOGIES/BEST EGG,
                ATTN: BANKRUPTCY,    4315 PICKETT ROAD,    SAINT JOSEPH, MO 64503-1600
5117410        +E-mail/PDF: gecsedi@recoverycorp.com Oct 22 2018 19:25:49      Synchrony Bank,
                c/o PRA Receivables Management, LLC,    PO Box 41021,    Norfolk VA 23541-1021
                                                                                              TOTAL: 33

               ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*            +PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
                                                                                              TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '++++' were corrected as required by the USPS Locatable Address Conversion System (LACS).
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 24, 2018                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 22, 2018 at the address(es) listed below:
              Charles J DeHart, III (Trustee)    dehartstaff@pamd13trustee.com, TWecf@pamd13trustee.com
              Elizabeth Haley Rohrbaugh    on behalf of Debtor 2 Patty J.  Colton hrohrbaugh@cgalaw.com,
               kbrayboy@cgalaw.com,rminello@cgalaw.com,tlocondro@cgalaw.com,jrosenau@cgalaw.com
              Elizabeth Haley Rohrbaugh    on behalf of Debtor 1 Christopher C.  Colton hrohrbaugh@cgalaw.com,
               kbrayboy@cgalaw.com,rminello@cgalaw.com,tlocondro@cgalaw.com,jrosenau@cgalaw.com
              James Warmbrodt    on behalf of Creditor    DITECH FINANCIAL LLC bkgroup@kmllawgroup.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                              TOTAL: 5
```

Rev. 12/01/17

# LOCAL BANKRUPTCY FORM 3015-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>Christopher C. Colton<br>Patty J. Colton | CHAPTER 13<br><br>CASE NO. 18-bk-03278<br><br>✓ ORIGINAL PLAN<br>☐ AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)<br>0 Number of Motions to Avoid Liens<br>0 Number of Motions to Value Collateral |

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☒ Included | ☐ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☒ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ☒ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. **PLAN FUNDING AND LENGTH OF PLAN.**

    A. **Plan Payments From Future Income**

    1. To date, the Debtor paid $ 0.00 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make

1

conduit payments through the Trustee as set forth below. The total base plan is $ 110,608.25 _____, plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 09/2018 | 08/2019 | $600.00 | $0.00 | $600.00 | $7,200.00 |
| 09/2019 | 08/2020 | $1,000.00 | $0.00 | $1,000.00 | $12,000.00 |
| 09/2020 | 08/2023 | $2,539.12 | $0.00 | $2,539.12 | $91,408.25 |
| | | | | Total Payments: | $110,608.25 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: ( ) Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

( ✓ ) Debtor is over median income. Debtor calculates that a minimum of $_____ must be paid to allowed unsecured creditors in order to comply with the Means Test.

B. **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $_____. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

✓ No assets will be liquidated. *If this line is checked, the rest of § 1.B need not be completed or reproduced.*

___ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $_____ from the sale of

2

Rev. 12/01/17

property known and designated as _____ _____. All sales shall be completed by _____, 20___. If the property does not sell by the date specified, then the disposition of the property shall be as follows: _____.

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____

**2. SECURED CLAIMS.**

   A. **Pre-Confirmation Distributions.** *Check one.*

   ✓ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

   ___ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
|  |  |  |

   1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

   2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

   B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

   ___ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

   ✓ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

3

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Ditech Financial | 233 Troy Road, Dallastown, PA 17313 | |
| CitiMortgage | 233 Troy Road, Dallastown, PA 17313 | |
| Wells Fargo Dealer Services<br>Wells Fargo Dealer Services | 2016 Ford F-150 King Ranch<br>2014 Ford Fusion Titanium | |

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check one.*

   ___   None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

   ✓   The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Ditech Financial | 233 Troy Road, Dallastown, PA 17313 | $44,734.77 | $0.00 | $44,734.77 |
| Pennsylvania Department of Revenue | | $130.43 | $0.00 | $130.43 |
| | | | | |

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

   ✓   None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

4

Case 1:18-bk-03278-HWV    Doc 22    Filed 10/04/18    Entered 10/04/18 10:50:27    Desc
Main Document      Page 4 of 11
Case 1:18-bk-03278-HWV    Doc 28    Filed 10/24/18    Entered 10/25/18 00:46:59    Desc
Imaged Certificate of Notice    Page 6 of 13

___    The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**E.** **Secured claims for which a § 506 valuation is applicable.** *Check one.*

✓    None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

___    Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

5

Case 1:18-bk-03278-HWV   Doc 22   Filed 10/04/18   Entered 10/04/18 10:50:27   Desc
Main Document    Page 5 of 11
Case 1:18-bk-03278-HWV   Doc 28   Filed 10/24/18   Entered 10/25/18 00:46:59   Desc
Imaged Certificate of Notice    Page 7 of 13

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan or Adversary Action |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

F. **Surrender of Collateral.** *Check one.*

✓ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

___ The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
|  |  |
|  |  |
|  |  |

G. **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

✓ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

___ The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

6

| | | |
|---|---|---|
| The name of the holder of the lien. | | |
| A description of the lien. For a judicial lien, include court and docket number. | | |
| A description of the liened property. | | |
| The value of the liened property. | | |
| The sum of senior liens. | | |
| The value of any exemption claimed. | | |
| The amount of the lien. | | |
| The amount of lien avoided. | | |

3. **PRIORITY CLAIMS.**

   A. **Administrative Claims**

   1. <u>Trustee's Fees</u>.  Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

   2. <u>Attorney's fees</u>. Complete only one of the following options:

      a. In addition to the retainer of $_____ already paid by the Debtor, the amount of $_____ in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

      b. $ 200.00 per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

   3. <u>Other</u>.  Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

      \_\_\_   None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

      \_\_\_   The following administrative claims will be paid in full.

| **Name of Creditor** | **Estimated Total Payment** |
|---|---|
| | |
| | |

7

Case 1:18-bk-03278-HWV   Doc 22   Filed 10/04/18   Entered 10/04/18 10:50:27   Desc
Main Document      Page 7 of 11
Case 1:18-bk-03278-HWV   Doc 28   Filed 10/24/18   Entered 10/25/18 00:46:59   Desc
Imaged Certificate of Notice    Page 9 of 13

B. **Priority Claims (including, but not limited to, Domestic Support Obligations other than those treated in § 3.C below).** *Check one of the following two lines.*

✓ None. *If "None" is checked, the rest of § 3.B need not be completed or reproduced.*

___ Allowed unsecured claims, including domestic support obligations, entitled to priority under § 1322(a) will be paid in full unless modified under § 9.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |
|  |  |

C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

✓ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

___ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. §1322(a)(4)).*

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

4. **UNSECURED CLAIMS**

   A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one of the following two lines.*

   ✓ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

   ___ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other,

8

Case 1:18-bk-03278-HWV    Doc 22    Filed 10/04/18    Entered 10/04/18 10:50:27    Desc
Main Document    Page 8 of 11
Case 1:18-bk-03278-HWV    Doc 28    Filed 10/24/18    Entered 10/25/18 00:46:59    Desc
Imaged Certificate of Notice    Page 10 of 13

unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
|  |  |  |  |  |

B. Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

   ✓ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

   ___ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

6. **VESTING OF PROPERTY OF THE ESTATE.**

   **Property of the estate will vest in the Debtor upon**

   *Check the applicable line:*

   ___ plan confirmation.
   ___ entry of discharge.
   ✓ closing of case.

9

7. **DISCHARGE: (Check one)**

   ( ) The debtor will seek a discharge pursuant to § 1328(a).
   (✓) The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:
Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

10

Case 1:18-bk-03278-HWV    Doc 22    Filed 10/04/18    Entered 10/04/18 10:50:27    Desc
Main Document    Page 10 of 11
Case 1:18-bk-03278-HWV    Doc 28    Filed 10/24/18    Entered 10/25/18 00:46:59    Desc
Imaged Certificate of Notice    Page 12 of 13

9. **NONSTANDARD PLAN PROVISIONS**

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

This Chapter 13 Plan is based on paying mortgage arrears and priority claim. This plan assumes that the Debtors will be successful in obtaining a mortgage loan modification for the real estate and pays the Debtors' disposable income through Tier 2 of the plan. This Chapter 13 Plan also pays 100% of general, unsecured claims filed with the Court. Administrative fees and expenses will be requested in a fee application. Attorney fees are calculated using an hourly rate/ Lodestar calculation. To the extent that attorney's fees calculated using the lodestar method exceed the Initial Deposit and counsel desires to be paid such additional fees inside the Chapter 13 plan, Counsel will file a fee application pursuant to L.R. 2016-2(b) seeking approval of such fees exceeding the Initial Deposit.

Dated: October 4, 2018

/s/ E. Haley Rohrbaugh
Attorney for Debtor

/s/ Christopher C. Colton
Debtor

/s/ Patty J. Colton
Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

11